UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

| | |
|---|---|
| JACQUELYN FRANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| NATIONAL CHECK PROCESSING, LLC, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

JACQUELYN FRANK (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CHECK PROCESSING, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Wisconsin, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

PLAINTIFF'S COMPLAINT 1

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Waukesha, Waukesha County, Wisconsin.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Jacksonville, Florida.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant is seeking and demanding payment from Plaintiff for an alleged debt.

13. Defendant threatened legal action against Plaintiff on more than one occasion.

14. Defendant only called Plaintiff at work.

15. Defendant asked Plaintiff's co-workers if it could speak with her.

16. On one call, Defendant identified itself as the "Fraud Department" and told Plaintiff's co-worker that Plaintiff needed to phone back immediately.

17. Defendant threatened to tell Plaintiff's employer about debt.

18. Defendant threatened to have Plaintiff fired from job.

19. One of Defendant's representatives threatened "to put a warrant out" for Plaintiff's arrest and told her that she had "committed a felony."

20. Defendant failed to provide Plaintiff with its address when Plaintiff requested this.

21. Defendant demanded immediate over the phone payment from Plaintiff which Plaintiff did

PLAINTIFF'S COMPLAINT 2

on one occasion.

22. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's co-workers regarding Plaintiff's alleged debt;

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiffs' debt;

   d. Defendant violated *§1692e(2)(4)* of the FDCPA by representing that non payment of the alleged debt would result in the prosecution of Plaintiff;

   e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff and by threatening to prosecute Plaintiff;

   f. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to attempt to collect a debt by communicating with Plaintiff's co-workers regarding Plaintiff's alleged debt, by threatening to have Plaintiff prosecuted and by threatening Plaintiff with legal action;

   g. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity

of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, JACQUELYN FRANK, respectfully requests judgment be entered against Defendant, NATIONAL CHECK PROCESSING, LLC, for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

26. Actual damages,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Gregory H. Moss
Gregory H. Moss
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison St., 10th Fl.
Chicago, IL 60602

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JACQUELYN FRANK, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT 4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN

Plaintiff, JACQUELYN FRANK, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JACQUELYN FRANK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____  _____
2/1/10                      JACQUELYN FRANK
Date